**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| MARVIN CANTINE | : | |
| Petitioner | : | |
| v | : | Civil Action No. RWT-05-2622 |
| RODERICK SOWERS, *et al.* | : | |
| Respondents | : | |

o0o

**MEMORANDUM OPINION**

On May 23, 2006, Respondents filed an Answer to the above-captioned Petition for Writ of Habeas Corpus. Paper No. 13. Petitioner has filed a Motion for Appointment of Counsel and a Motion for Other Relief. Papers No. 15 and 22. Petitioner is now represented by counsel; accordingly his Motion for Appointment of Counsel shall be denied as moot. Petitioner's Motion for Other Relief is a request for an evidentiary hearing in this matter. Upon review of the papers filed, the court finds a hearing in this matter to be unnecessary. See Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts and Local Rule 105.6; see also Fisher v. Lee, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to hearing under 28 U.S.C. § 2254(e)(2)). For the reasons set forth below, the Petition for Habeas Corpus shall be denied.

**Background**

On January 27, 2003, Petitioner was tried and convicted by a jury in the Circuit Court for Baltimore City of conspiracy to possess heroin with the intent to distribute, and acquitted on charges of conspiracy to possess heroin, conspiracy to distribute heroin, and being a drug kingpin., Paper No. 13 at Ex. 1. Petitioner was sentenced to twenty-five years without parole as a "three-time loser." Id.

An investigation by federal and state authorities into suspected criminal activity by

Petitioner, which began in the fall of 2001, included a request and subsequent authorization from the Circuit Court for Baltimore City for wiretap surveillance. Petitioner was believed to be operating a narcotics distribution ring spanning from New York to Baltimore which included Harvey Lippman as his lieutenant. Based on information received from the wiretaps, authorities staked out the Baltimore Marriott Waterfront Hotel. On October 23, 2001, after observing a brief meeting between Petitioner and Lippman uniformed police stopped Lippman's car. Federal and state agents intervened, searched Lippman's car, and uncovered a handgun, $10,000 in cash, and marijuana.

Another suspected confederate, Derrick Thomas, was stopped on November 19, 2001. A search revealed more than six pounds of heroin hidden inside a compartment in his car, which he used to drive from New York to Baltimore. The next day Lippman's apartment was searched and agents discovered $120,000 in cash, a bag of diluted heroin, marijuana, packaging paraphernalia and ammunition.

A pre-trial motion was filed seeking to suppress all information obtained through wiretap surveillance. Defense attorneys maintained that investigators seeking authorization for the wiretap did not comply with Maryland statutes requiring exhaustion of other conventional investigative techniques before wiretap surveillance is permitted. See Md. Cts. & Jud. Proc., Code Ann. § 10-408. After a hearing, the trial court denied the motion and permitted evidence of intercepted phone calls between Petitioner and his co-Defendants to be introduced at trial. As observed by the Court of Special Appeals, "[t]he trial lasted six weeks, and much of the testimony related to interpreting the alleged conspirators' intercepted phone calls." Paper No. 13 at Ex. 8, p. 4.

After the jury was instructed, a discussion between counsel and the trial judge ensued regarding equipment needed to listen to evidence stored on computer discs. Paper No. 13 at Ex. 4,

pp. 5–6. During the discussion the assistant states attorney suggested that she could set up the equipment for the jury. Id. She then requested permission to go into the jury room to show the jury how to operate the equipment used to listen to the discs. The trial judge granted permission and stated he would accompany counsel into the jury room. Id. at pp. 16– 17. The transcript reflects no objection noted by defense counsel. Id. Upon his return from the jury room, the trial judge noted for the record that the only communication that took place was a demonstration of the use of the computer disk process and that nothing about the case was discussed. Id. at p. 19. At that time, counsel for Petitioner raised an objection to the foray into the jury room. Id. at p. 20. Counsel did not request any curative action, but the objection was construed as a motion for mistrial and denied after the trial judge found that counsel failed to timely raise the objection. Id. at pp. 21– 22.

**Threshold Considerations**

Exhaustion of State Remedies

Under Rose v. Lundy, 455 U.S. 509 (1982), before a petitioner may seek habeas relief in federal court, he must first exhaust each claim presented by pursuing remedies available in state court. This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See 28 U.S.C. § 2254(b) and (c). In Maryland, this may be accomplished by proceeding with certain claims on direct appeal (and thereafter seeking certiorari to the Court of Appeals), and with other claims by way of a post-conviction petition, followed by seeking leave to appeal in the Court of Special Appeals.

Procedural Default

Where a petitioner has failed to present a claim to the highest state court with jurisdiction to hear it, by failing to raise the claim in post-conviction proceedings or on direct appeal, or by

failing to timely note an appeal, the procedural default doctrine applies. See Coleman v. Thompson, 501 U. S. 722, 749-50 (1991) (failure to note timely appeal); Murray v. Carrier, 477 U. S. 478, 489-91 (1986) (failure to raise claim on direct appeal); Murch v. Mottram, 409 U. S. 41, 46 (1972) (failure to raise claim during post-conviction); Bradley v. Davis, 551 F. Supp. 479, 481 (D. Md. 1982) (failure to seek leave to appeal denial of post-conviction relief). A procedural default also may occur where a state court declines "to consider the merits [of a claim] on the basis of an adequate and independent state procedural rule." Yeatts v. Angelone, 166 F.3d 255, 260 (4th Cir. 1999).

As the Fourth Circuit has explained:

> If a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim. See Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). A procedural default also occurs when a habeas petitioner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." Id. at 735 n.1.

Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998).

If a procedural default has occurred, a federal court may not address the merits of a state prisoner's habeas claim unless the petitioner can show (1) both cause for the default and prejudice that would result from failing to consider the claim on the merits, or (2) that failure to consider the claim on the merits would result in a miscarriage of justice, i.e. the conviction of one who is actually innocent.[1] See Murray v. Carrier, 477 U.S. 478, 495-96 (1986); Breard, 134 F.3d at 620. "Cause"

---

[1] Habeas petitioners may use an actual innocence claim to excuse the procedural default of a separate constitutional claim upon which they request habeas relief. See Murray v. Carrier, 477 U.S. at 496. "[When] a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." Id.; see also Reid v. True, 349 F.3d 788, 806 (4th Cir. 2003). Petitioners who wish to

consists of "some objective factor external to the defense [that] impeded counsel's efforts to raise the claim in state court at the appropriate time." Id. (quoting Murray, 477 U.S. at 488). Even where a petitioner fails to show cause and prejudice for a procedural default, a court must still consider whether it should reach the merits of a petitioner's claims in order to prevent a fundamental miscarriage of justice. See Schlup v. Delo, 513 U. S. 298, 314 (1995).

Statute of Limitations

Respondents do not contend -- and this court does not find -- that the petition is time-barred pursuant to 28 U.S.C. §2244(d).

**Standard of Review**

Because the petition was filed after April 24, 1996, it must be evaluated pursuant to amendments to the habeas corpus statutes contained in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (codified in scattered sections of 28 U.S.C.).[2] Under the AEDPA, federal courts are no longer authorized to correct mere error in state court proceedings, but must instead exercise more limited review. Under the amendments,

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable

use a claim of actual innocence as a gateway to raising an otherwise defaulted constitutional claim must demonstrate by a preponderance of the evidence that a reasonable juror could not have convicted the petitioner in light of the new evidence. See Buckner v. Polk, 453 F.3d 195, 199-200 (4th Cir. 2006).

[2] See Brown v. Angelone, 150 F.3d 370 (4th Cir. 1998).

> determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) & (2) (as amended).

**Analysis**

The Petition raises one asserted ground for relief. Petitioner claims that the state appellate court erred when it found unpreserved for appellate review the contention that the trial court erred by permitting the prosecutor to enter the jury room accompanied by the trial judge. Paper No. 1 at p. 8. A second asserted ground for relief, raised in an Amended Petition, is that the trial court erred when it denied the pre-trial motion to suppress evidence obtained through court-ordered wiretap surveillance. Paper No. 4.

First Ground

Petitioner asserts that even though the Court of Special Appeals and the Court of Appeals should have reviewed his allegation that the trial judge erred when he accompanied the assistant states attorney into the jury room, even though a timely objection may not have been raised. Paper No. 1 at p. 8. He claims that the conduct created such an appearance of injustice that the merits of the claim should have been addressed. Id. Petitioner cites Maryland case law barring a judge from any private communication with an impaneled jury, especially when the jury is about to deliberate. Id., citing Laguardia v. State, 190 Md. 450, 58 A. 2d 913 (1948); Hebb v. State, 44 Md. App. 678, 410 A. 2d 622 (1980); and Eades v. State, 75 Md. App. 411, 541 A. 2d 2001 (1988). Petitioner further takes issue with the trial judge's ruling on his attorney's objection, which included the following:

> I don't have any great desire to go in there, I only went in there because it was necessary for the prosecuting attorney to demonstrate

> the use of the equipment and perhaps if I had been asked ahead of time, I would have allowed counsel to come in. But, then it becomes the question, do the defendants want to come in too? That's not appropriate. You made your motion, your motion for mistrial is denied.

Paper No. 1 at p. 9. Petitioner claims that the view that it is inappropriate for the defendants to enter the jury room is an admission that it was inappropriate for the judge and the prosecuting attorney to enter the jury room as well. Id.

In analyzing the claim raised on appeal, the Court of Special Appeals stated:

> [T]his Court does not condone such ventures into the jury room by the Court and the State because they threaten, unnecessarily, the appearance of judicial impartiality. Indeed, allowing the State to appear as a friend of the court may impress upon the jury, perhaps subconsciously, that the State's case has the imprimatur of the court. Here, however, there were no indicia of prejudice. The judge promptly stated upon return that he had asked the jurors about lunch and that the prosecutor showed one juror how to use the playback equipment. He further stated "[t]here was no discussion about the case."
>
> Defense counsel's subsequent objection "for the record" was too little, too late. And even then, counsel failed to request a curative action. The court, *sua sponte*, considered declaring a mistrial, but decided that such a drastic measure was not required under the circumstances. Not only have appellants waived this issue for review, we also find that plain error jurisdiction is not warranted.

Paper No. 13, Ex. 8 at pp. 12– 13.

"[I]t is not the province of a federal habeas corpus court to reexamine state court determinations on state law questions." Estelle v. McGuire, 502 U. S. 62, 67– 68 (1991). Where, as here, an issue is decided based upon the application of state law, federal habeas relief is unavailable. The allegation sub judice is that the appellate court erred in refusing to exercise plain

error jurisdiction. See e.g., Richmond v. State, 330 Md. 223, 236, 623 A. 2d 630, 636 (1993) (appellate court review of unobjected to error is limited to those that are compelling, extraordinary, exceptional or fundamental to a fair trial). Thus, the claim that the Court of Special Appeals erred in finding the claim was not preserved for review does not state a federal claim.

Petitioner also claims his due process right to an impartial jury was violated. Paper No. 1 at p. 10. Respondents assert that the claim is procedurally defaulted as it was not raised in Petitioner's appeal. Paper No. 13 at p. 16; see also id. at Ex. 6, pp. 41– 43. In his Response, Petitioner claims the Court of Special Appeals did not properly review the transcript in arriving at the conclusion that no prejudice resulted from improper contact with the jury. Paper No. 21 at pp. 7– 10. Petitioner cites other instances in the transcript from which he argues it can be gleaned that: the prosecutor went into the jury room prior to the instance reviewed on appeal; the trial judge had additional *ex parte* contact with the jurors; the courtroom clerk improperly communicated with the jurors; and timely objections were raised by defense counsel but were not recorded in the transcript at the time they were made. Id.

A review of the appellate briefs filed on behalf of Petitioner and his co-defendant reveals that none of the other cited instances of alleged improper jury contact was raised on appeal. Paper No. 13 at Ex. 6. Neither the Court of Special Appeals or the Court of Appeals had the opportunity to review the claims raised here. It is not the role of an appellate court to peruse the trial transcript in search of possible errors that are not clearly presented for review. The claim that timely objections were made by trial counsel was not raised on appeal. In fact, appellate counsel admitted that no objection was made before the trip into the jury room. Id. at pp. 41–44. In addition, there was no constitutional due process claim raised on appeal. The appellate brief merely alleges in a conclusory

fashion that the single instance of alleged improper jury contact deprived Petitioner of his right to a fair trial. Id. at p. 44.

To the extent that Petitioner is raising a claim of ineffective assistance of appellate counsel, he has not raised that claim in appropriate state proceedings. The claim is therefore unexhausted for purposes of federal habeas review. Exhaustion is not required, however, if at the time a federal habeas corpus petition is filed the petitioner has no available state remedy. See Teague v. Lane, 489 U. S. 288, 297-98 (1989) (emphasis supplied); Bassette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990), cert. denied, 499 U. S. 982 (1991). The record in this case indicates that Petitioner has never filed a post-conviction petition; therefore, he has an available state remedy, and a claim of ineffective assistance of appellate counsel will not be addressed by this court at this time.

Second Claim

In his amended petition, Petitioner claims that the denial of his motion to suppress evidence obtained by wiretap surveillance was improper. Paper No. 4. He asserts that the court did not properly apply Maryland statutory law when the motion was denied. Id. at p. 2. Under Md. Cts & Jud. Proc., Code Ann. § 10-408(a)(1)(iii), a court order permitting law enforcement agencies to employ wiretap surveillance as an investigative tool may not be obtained until it is established through sworn written application that, inter alia, other more conventional techniques have been tried and failed, are unlikely to succeed, or are too dangerous. In the pre-trial motion to suppress, counsel argued that law enforcement officers did not satisfactorily establish that conventional techniques were attempted and failed or were unlikely to succeed. Paper No. 13 at Ex. 2 and 3. Petitioner asserts that the affidavits contained false information regarding the length of the investigation and the alleged reluctance of confidential sources. Paper No. 4 at p. 3. He claims

that the historical background provided by law enforcement described a two-year investigation into another man's criminal activity, not related to the allegations against him. Id. He further claims that the death of a confidential informant was mentioned in the application to bolster the chances of obtaining the court order, but the informant was not involved in the investigation of the allegations against him. Id. In rejecting this claim on appeal, the Court of Special Appeals, reviewed the basis upon which the trial court denied the motion to suppress and determined that the State had in fact demonstrated the need for wiretaps as required under Maryland statutory law. Paper No. 13 at Ex. 8, pp. 5– 7.

To be entitled to federal habeas relief, Petitioner must establish that his incarceration violates the Constitution, laws or treaties of the United States. See 28 U.S.C. § 2254 (a). The claim asserted regarding wiretap surveillance is a state law claim and does not state a basis for federal habeas relief. The claim raised in Petitioner's direct appeal regarding the wiretap surveillance was the alleged improper application of Maryland law; no constitutional claim was presented for review. Paper No. 13 at Ex. 6.

Petitioner in his Response attempts to raise a constitutional claim regarding wiretap surveillance by stating that the refusal to suppress the evidence obtained violates "constitutionally guaranteed rights and due process of law." Paper No. 21 at p. 13. No constitutional claim was presented to the state courts for review on direct appeal.[3] Therefore, the claim is procedurally defaulted. Upon a finding that a claim has been procedurally defaulted, the merits of the claim may not be addressed absent a showing of both cause for the default and prejudice that would result from

---

[3] Again, to the extent that Petitioner may allege that appellate counsel was ineffective for failing to raise a constitutional claim with respect to the wiretap surveillance, that claim is unexhausted and may not be reviewed here.

failing to consider the claim on the merits, or that failure to consider the claim on the merits would result in a miscarriage of justice, i.e. the conviction of one who is actually innocent. See Murray, 477 U.S. at 495-96. Such a showing has not been made here.

The cases cited in the Response pertain to the federal statute governing use of wiretap surveillance in criminal investigations. Paper No. 21 at pp. 13 and 14. There is no discussion of a constitutional claim, other than the conclusion that his rights were violated. The absence of any substantive constitutional claim establishes that there is neither cause for the default or prejudice that would result from failing to consider the illusory constitutional claim on its merits. In addition, no actual innocence claim has been raised.

**Conclusion**

Upon review of the pleadings, this court determines that Petitioner is not entitled to federal habeas relief. The claims raised do not state federal claims, and contain elements that are either procedurally defaulted or have not been exhausted. Accordingly, the Petition and Amended Petition shall be dismissed with prejudice by separate Order which follows.

/s/

Date: 2/21/07

ROGER W. TITUS
UNITED STATES DISTRICT JUDGE